IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ABC PHONES OF NORTH CAROLINA,) <br> INC. d/b/a A WIRELESS ) <br> ) <br> Defendant. ) <br> ) <br> _____) | CIVIL ACTION NO. <br> 7:16-cv-00051 <br> <br> <br> C O M P L A I N T <br> <br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Fredarika Bowden, who was adversely affected by such practices. As alleged with greater particularity below, Defendant ABC Phones of North Carolina, Inc. d/b/a A Wireless ("Defendant") subjected Bowden to a sexually hostile work environment because of her sex, female, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Lumberton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Bowden filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 26, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant subjected Bowden to a sexually hostile work environment, in violation of Title VII. The Letter of Determination also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On December 16, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. From around April 2013 until on or about September 21, 2013, Defendant engaged in unlawful employment practices at its store in Lumberton, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1). Specifically, Defendant subjected Bowden to sexual harassment that created a hostile work environment based on Bowden's sex, female, at Defendant's facility located in Lumberton, NC.

13. The sexually harassing conduct that Bowden was subjected to was perpetrated by a female coworker.

14. Beginning in or around April 2013, the co-worker subjected Bowden to unwelcome sexual comments and inappropriate touching one or more times each day Bowden worked with the co-worker, which was between three to five days per week. The harassment included, among other things, the co-worker slapping Bowden on the buttocks, rubbing her pelvis against Bowden's buttocks simulating sex, referring to Bowden in front of customers as her (the co-worker's) girlfriend. In addition, the co-worker made comments about Bowden's

buttocks, calling her buttocks "nice" and "pretty " and stating that she wanted to touch Bowden's buttocks.

15. In addition, on one occasion while Bowden was seated at her computer assisting a customer, the co-worker sat beside Bowden, made a sexual comment, and reached between Bowden's legs, groping Bowden's inner thigh near her vaginal area.

16. The sexually harassing conduct continued until on or about September 21, 2013, when Bowden resigned her position with Defendant.

17. During or after all or almost all incidents of harassment, Bowden told the co-worker to stop engaging in the sexual conduct described herein, but the co-worker did not stop.

18. Much of the harassment took place within the hearing of the manager of the Lumberton store where Bowden and the co-worker worked. Bowden also complained to the manager numerous times about the harassment that occurred both in and outside of his presence. Although the manager repeatedly told Bowden he would address the matter with the co-worker, the harassment continued.

19. In addition, Bowden reported the offensive conduct to her district leader. Despite Bowden's complaint to the district leader, the harassment continued.

20. On or about September 16, 2013, Bowden sent an email to the Human Resources manager complaining about the sexual harassment and management's disregard of her complaints.

21. On or about September 24, 2013, Bowden resigned her employment with Defendant.

22. The harassment was unwelcome to Bowden. Bowden told the co-worker to stop the offensive sexual behavior that was being directed to her and Bowden complained about the behavior.

24. The harassment was severe as it involved the unwelcome touching of Bowden's body parts by the co-worker. The harassment was also pervasive as it occurred every day that Bowden worked with the co-worker, which was at least three days per week.

25. Defendant is liable for the sexual harassment perpetrated by Bowden's co-worker because although Defendant knew or reasonably should have known about the sexual harassment, Defendant failed to stop it.

26. The effect of the practices complained of above has been to deprive Bowden of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Bowden.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex, including maintaining a sexually hostile work environment for women.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Bowden by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make whole Bowden by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Bowden punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 24th day of March, 2016.

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION,

                              P. DAVID LOPEZ
                              General Counsel

                              JAMES L. LEE
                              Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina
Telephone: 704.954.6469
Facsimile: 704.954.6412

**/s/ Suzanne L. Nyfeler**
SUZANNE L. NYFELER (VA Bar 40450)
Suzanne.Nyfeler@eeoc.gov
Richmond Local Office
400 North 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: 804.771.2215
Facsimile: 804.771.2222