IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ABC PHONES OF NORTH CAROLINA, INC. d/b/a A WIRELESS, <br><br> Defendant. | CIVIL ACTION NO. 7:16-cv-00051-H <br><br> CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant ABC Phones of North Carolina, Inc. d/b/a A Wireless ("Defendant") subjected Fredarika Bowden to sexual harassment that created a sexually hostile work environment because of her sex, female, in violation of Title VII. Defendant denies the allegations made by the Commission and further denies any wrongdoing or liability. Likewise, in entering into this Consent Decree the Commission does not disavow the allegations in its Complaint.

The Commission, and the Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole,

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex within the meaning of Title VII, including by maintaining a sexually hostile work environment or subjecting any individual to sexual harassment.

2. Defendant shall pay Fredarika Bowden the sum of fifty thousand dollars ($50,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Fredarika Bowden. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall deliver the check to Ms. Bowden at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Ms. Bowden. Neither the Commission nor Defendant make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Bowden may or may not incur on such payments under local, state and/or federal law.

3. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Fredarika Bowden any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2013-02874 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4.     Defendant shall provide Ms. Bowden with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Ms. Bowden at an address provided by the Commission. Ms. Bowden is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Ms. Bowden from a potential employer, it will provide only the information set forth in the letter of reference in response.

5.     Defendant has in place a sexual harassment policy that it shall maintain throughout the term of this decree. A copy of the policy is attached hereto as Exhibit B. Defendant shall maintain this policy throughout the term of this Consent Decree. Defendant shall distribute to each current employee a copy of the policy within the thirty (30) days of the date this decree is entered by the Court. Within forty-five (45) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6.     During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, at the following North Carolina store locations that that were within the District managed by District Leader Purnell Woods in a place where it is visible to employees: Clayton, Dunn, Fayetteville (Cliffdale), Garner, Holly Springs, Pembroke, Rockingham, Spring Lake, and Cheraw. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7.     During the term of this Consent Decree, Defendant shall provide an annual web-

3

based training program to all of its managers, supervisors and employees in the stores identified above in paragraph 6. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. The second training program shall be conducted approximately one year later. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Consent Decree, in a place in the stores identified above in paragraph 6 where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information as it pertains to Defendant's retail locations identified in paragraph 6, *supra*:

- A. identities of all individuals who complained either verbally or in writing of unwelcome conduct based on sex, whether verbal or physical, including conduct the individual believed to be sexual harassment or believed to be a violation of Defendant's sexual harassment policy (referenced in paragraph 6 above) or Title VII of the Civil Rights Act of 1964, including by way of identification each person's name, address, telephone number, position, and social security number;

- B. describe all actions taken in response to the complaint(s) identified in response to 10(a) above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s);

- C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

- D. for each individual whose employment status has changed as identified in 10.C above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may, upon 48 hours notice to Kerry A. Shad at kshad@smithlaw.com, review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's stores identified above in paragraph 6, interview employees at those locations, and examine and copy documents related to the terms of this Consent Decree. Any interview of management-level employees will be conducted only with Defendant's counsel or designated representative present. As part of a review for compliance with the posting provisions contained in paragraphs 6 and 8 above, the Commission may inspect

5

Defendant's facilities without notice.

11. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Kerry A. Shad at kshad@smithlaw.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

11/16/16
Date

Malcolm J. Howard
Senior United States District Judge
Eastern District of North Carolina

6

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ **Lynette A. Barnes**
LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov

KARA GIBBONS HADEN
N.C. Bar No. 26192
Supervisory Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
Kara.haden@eeoc.gov

/s/ **Suzanne L. Nyfeler**
SUZANNE L. NYFELER
Senior Trial Attorney
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Phone: (804) 771-22158
Suzanne.nyfeler@eeoc.gov
*Attorney for Plaintiff*

7

ABC PHONES OF NORTH CAROLINA d/b/a A
WIRELESS, Defendant

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP

By: **/s/ Kerry A. Shad**
Kerry A. Shad
North Carolina State Bar No. 18410
Isaac A. Linnartz
North Carolina State Bar No. 39858
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: kshad@smithlaw.com
Email: ilinnartz@smithlaw.com

*Attorneys for Defendant*

8

EXHIBIT A

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

    We are pleased to provide the following reference on behalf of our former employee, Fredarika Bowden.

    Ms. Bowden was employed by ABC Phones of North Carolina, Inc. d/b/a A Wireless as a sales consultant earning $[include salary plus commission/bonus (if applicable)] from November 2009 until September 2013.

    We hope that this information about Ms. Bowden is helpful to you in considering her for employment.

                                                Sincerely,

                                              CORPORATE REPRESENTATIVE

# The Way We Work

### No Harassment

We prohibit harassment of one employee by another employee, supervisor or third party for any reason based upon an individual's race, color, age, religion, creed sex/pregnancy, marital status, sexual orientation, national origin, ancestry, citizenship, veteran status, gender identity, physical or mental disability; or any other category protected under federal, state, or local law.

**Violation of this policy will result in disciplinary action, up to and including termination.**

If you have any questions about what constitutes harassing behavior or what conduct is prohibited by this policy, please discuss the questions with your immediate supervisor or one of the contacts listed in this policy. At a minimum, the term "harassment" as used in this policy includes any of the following activities pertaining to an individual's race, color, age, religion, creed sex/pregnancy, marital status, sexual orientation, national origin, ancestry, citizenship, veteran status, gender identity, physical or mental disability or any other category protected by federal, state, or local law:

- Offensive remarks, comments, jokes, slurs, threats, or verbal conduct.

- Offensive pictures, drawings, photographs, figurines, writings, or other graphic images, conduct, or communications, including text messages, instant messages, websites, voicemails, social media postings, e-mails, faxes, and copies.

- Offensive sexual remarks, sexual advances, or requests for sexual favors regardless of the gender of the individuals involved; and

- Offensive physical conduct, including touching and gestures, regardless of the gender of the individuals involved.

- Making repeated requests for a date that are unwelcomed by the recipient

- Making unwelcomed comments about an individual's body, clothing, attractiveness, sexuality or sexual appeal

- Making frequent unwelcome "compliments" about another's physical appearance; making isolated "compliments" of a sexual or suggestive nature; and engaging in this or any type of similar conversation at inappropriate times (for example, in a business discussion).

The Company prohibits retaliation, which includes: threatening an individual or taking any adverse action against an individual for (1) reporting a possible violation of this policy, or (2) participating in an investigation conducted under this policy.

The Company supervisors and managers are covered by this policy and are prohibited from engaging in any form of harassing, discriminatory, or retaliatory conduct. No supervisor or other member of management has the authority to suggest to any applicant or employee that employment or advancement will be affected by the individual entering into (or refusing to enter into) a personal relationship with the supervisor or manager, or for tolerating (or refusing to tolerate) conduct or communication that might violate this policy. Such conduct is a direct violation of this policy.

The Company further prohibits harassment, discrimination, or retaliation of our employees in connection with their work by non-employees. Immediately report any harassing or discriminating behavior by non-employees, including vendor, contractor or subcontractor employees. Any employee who experiences or observes harassment, discrimination, or retaliation should report it using the steps listed below.

Harassment Other than Sexual Harassment

While this Policy contains a provision specific to sexual harassment, any harassment of an employee, vendor, or customer will not be tolerated. For example, behavior or communication which reflects negatively upon or disparages any employee, vendor or customer including jokes, slurs and innuendoes, are prohibited, regardless of the person's intent and regardless of whether such communications were directed at any particular person.

Inappropriate behavior that is prohibited by the Company No Harassment Policy include but are not limited to:

- Making disparaging comments about an individual unrelated to their job performance. For example, a person's age, religion or race; mimicking an individual's disability or speaking accent, or engaging in any other speech or action which disparages an individual. For example, statements such as, "She's such an old bag," "Look at gimpy run," are inappropriate at any time in our workplace.
- Displaying unwelcome excessive personal interest in or directing one's attention of a personal nature toward an individual.
- Making unwelcome disclosures of highly personal or sexual information to a co-worker, customer, or vendor. Asking unwelcome questions about, or participating in discussions of sexual experiences, etc.
- Display in the workplace of sexually oriented objects or clothing.
- Exhibiting cartoons, calendars, computer software or pictures (for example, center-fold pin-ups) or playing audio recordings which are sexually-explicit or sexually-suggestive or which are degrading to or reflect negatively upon any individual or group in terms of sexual orientation, age, disability, national origin, religion, race or membership in any other protected class, such as white power symbols and swastikas.
- Patting, pinching, grabbing, rubbing or brushing against another person's body.
- Touching, hugging and kissing another person in the workplace.
- Engaging in unwelcome sexual bantering, "jokes," and teasing.
- Telling jokes or stories or making comments which have the purpose or effect of stereotyping, demeaning or making fun of women and/or men, a particular sexual orientation or a person's age, disability, national origin, religion, race or membership in any other protected class. For example, racial jokes, AIDS jokes and ethnic jokes are prohibited from our workplace.
- Using off-color or obscene language, such as the curse words, degrading epithets and/or nicknames which relate to a person's sex, sexual orientation, age, disability, national origin, religion, race or anatomical parts of a private nature.
- Addressing others with terms of endearment, such as "doll," "honey" or "babe."
- Cornering, stalking, or engaging in any other type of intimidating or obsessive behavior.
- Engaging in sexually-oriented nonverbal communications, such as leers, gawks, catcalls, whistles, looking someone up and down and the like.
- Using verbal and nonverbal innuendo which relate to or reflect negatively upon any individual or group in terms of sex, sexual orientation, age, disability, national origin, religion, race or membership in any other protected class.
- Directing hostile, abusive or demeaning speech or behaviors, including threats, towards a co-worker, customer or vendor because of his or her sex (even if the behavior is not sexual in nature), sexual orientation, age, disability, national origin, religion, race or membership in any other protected class.

The Company has "***zero tolerance***" for inappropriate workplace behavior. Consequently, an individual's claim that he or she "meant no harm," "did not mean to give offense," "made the statement only as a joke" or "did not direct the remark toward any particular person" is no defense to inappropriate behavior Such acts are inappropriate to our workplace and, as such, are prohibited, regardless of whether or not they are illegal

**If an employee has any concern that our No Harassment policy may have been violated by anyone, he/she must immediately report the matter. Due to the very serious nature of harassment, discrimination and retaliation, you must report your concerns to the Human Resources Department. Report concerns to *reporting@awireless.com* .**

If an employee makes a report to any member of management and the manager either does not respond or does not respond in a manner the employee deems satisfactory or consistent with this policy, the employee is required to report the situation to the Human Resources Department.

**Employees should report any actions that may violate the Company policy no matter how slight the actions may seem.**

The Company will investigate the report and then take prompt, appropriate action. The Company will protect the confidentiality of employees reporting suspected violations to the extent possible consistent with the investigation.

**Employees will not be penalized or retaliated against for any good faith reporting of improper conduct, harassment, discrimination, retaliation, or other actions that you believe may violate this policy.**

The Company is serious about enforcing the policy against harassment. Persons who violate this or any other company policy are subject to discipline, up to and including termination. The Company cannot resolve a potential policy violation unless it knows about it. Employees are responsible for reporting possible policy violations to the Company so that it can take appropriate actions to address the concerns.

### Social Relationships with Others Associated with A Wireless

Sometimes social relationships may develop at work. While an employee may have a right to say "yes" to such relationships, the employee also has an absolute right to say "no" and to expect that those wishes will be respected. In addition, an employee is prohibited against retaliating in any way against a person who is not interested in establishing/continuing a social relationship with said employee. Consequently, the offending employee will be subject to severe disciplinary action, up to and including termination of employment, if that employee acts in any manner which violates this provision of our Equal Employment Opportunity Policy.

If an employee feels any unwelcome pressure to become involved socially with any officer, leader, subordinate, co-worker, customer, franchisee, agent or non-employee with whom you interact in the course of performing your work responsibilities, we urge that employee to use the complaint procedure contained in this Handbook. If an incident is reported, we can help! However, if an employee does not communicate your complaint via the procedure that follows, the Company will assume you willingly have entered into a workplace social relationship.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ABC PHONES OF NORTH CAROLINA, INC. d/b/a A Wireless. <br><br> Defendant. | CIVIL ACTION NO.: 7:16-CV-00051 <br><br> **EMPLOYEE NOTICE** |

### NOTICE TO ABC PHONES OF NORTH CAROLINA, INC. d/b/a A WIRELESS

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and ABC Phones of North Carolina, Inc. d/b/a A Wireless in an employment discrimination case in which the EEOC alleged that the company discriminated against Fredarika Bowden. Specifically, the EEOC alleged ABC Phones of North Carolina, Inc. d/b/a A Wireless discriminated against Bowden by subjecting her to sexual harassment and a hostile work environment because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) disability, or genetic information. Title VII specifically prohibits discrimination based on sex.

3. ABC Phones of North Carolina, Inc. d/b/a A Wireless will comply with such federal law in all respects. Furthermore, ABC Phones of North Carolina, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820   Website: www.eeoc.gov

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2018.